No. 84-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE ESTATE OF

GERALD W. BARBER, Deceased.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

McGimpsey & Bacheller, Billings, Montana

For Respondent:

Donald E. Ronish, Lewistown, Montana

Submitted on Briefs: Feb. 14, 1985

Decided: May 2, 1985

Filed: MAY - 2 1985

Ethel M. Harrison
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Tenth Judicial District of the State of Montana, Fergus County, denying partial distribution of the Barber estate. We affirm.

Gerald W. Barber died testate on December 4, 1982, leaving his entire estate to his widow, Margaret Barber, and three children from a previous marriage. The widow serves as the estate's personal representative. On July 27, 1984, the children, appellants, petitioned the District Court for a partial distribution of the estate. They requested that a specific bequest of the decedent's one-tenth interest in the "Twin Butte property," together with the income from that property, be distributed to them. The widow resisted the request because the distribution would leave insufficient assets from which the children's share of debts, expenses and taxes could be paid or provided for. At the time of the request, the distribution may have left the estate with a substantial shortage depending on whether additional services were rendered and on the results of an audit of the estate tax return.

The trial judge below heard oral argument on the petition on August 22, 1984. He also received memoranda from both parties. His order denying the petition was issued without specific findings or conclusions on September 24, 1984.

The only issue presented on appeal is whether the District Court erred in denying the petition for partial distribution of decedent's estate. Appellants argue that because the distribution of an estate is to be accomplished

"expeditiously and efficiently" (section 72-3-610, MCA) and there was no finding that the estate would be impaired by the partial distribution, the District Court erred in denying the children's petition.

The District Court's order will not be overturned on appeal absent clear error, Dalbey v. Equitable L. Assur. Soc. of United States (1937), 105 Mont. 587, 74 P.2d 432 or an abuse of discretion, Kamp v. First National Bank and Trust Co. (1973), 161 Mont. 103, 504 P.2d 987. While the better practice may be to always enter specific findings and conclusions, there is no automatic error in failing to do so. In the case at bar, neither testimony nor affidavits were offered to establish relevant facts, nor does the file reflect any factual dispute. Further, appellants cited no authority requiring or even permitting a partial distribution prior to the closing of an estate under these circumstances. A district court does not commit error by denying a request for an order unsupported by either legal authority or the factual circumstances surrounding the request.

Although occurrences after the date of the order, September 24, 1984, do not affect this appeal, appellants rely on some subsequent events in their brief. The estate received additional income of $82,739 from a contract for deed on December 6, 1984 and other smaller amounts after that time. According to the attorney for the estate, the cash on hand now slightly exceeds $100,000 and the liabilities are about $93,000. Appellants argue that the personal representative could now distribute the requested property without harm. Appellants again fail to note the personal representative's responsibility to manage, protect and preserve the estate, section 72-3-606(2), MCA. The estate's

3

additional federal tax liability is not yet settled and the charges against devises under the abatement provisions have not yet been determined. Even considering the additional information, there would be no error or abuse of discretion in a district court's denial of a petition for partial distribution. We therefore affirm the District Court's order.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

4